IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN E. REARDON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>17-5868 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

In this matter, Plaintiff pro se John E. Reardon ("Plaintiff") alleges that certain government officials violated his constitutional rights in connection with a 1990 arrest and subsequent criminal proceedings in state court. Pending before the Court is Defendant State of New Jersey's motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket Item 65] and Plaintiff's motion for leave to amend. [Docket Item 73.] For the reasons discussed below, the motion to amend will be denied and the motion to dismiss will be granted. The Court finds as follows:

1. **Factual and Procedural Background**.[1] In the early 1990s, Plaintiff was charged with and convicted by a jury of third-

---

[1] The facts alleged are drawn from the Amended Complaint [Docket Item 41], which the Court must accept as true for purposes of this motion. As discussed in n.3, infra, the Amended Complaint has superseded the initial Complaint. [Docket Item 1.] The Court also takes judicial notice of its own records and facts elicited

degree possession of a destructive device in violation of N.J.S.A. § 2C:39-3a, second-degree possession of explosive material with intent to use it against another in violation of N.J.S.A. § 2C:30-4b, and second-degree possession of a destructive device with intent to use it against another in violation of N.J.S.A. § 2C:39-4c, in the Superior Court of New Jersey, Law Division, Camden County, under Indictment No. 90-08-2331. On February 13, 1992, Plaintiff was sentenced to eight years in prison with three years of parole ineligibility. Id. He appealed his conviction, which was affirmed by the New Jersey Appellate Division. State of New Jersey v. John E. Reardon, No. A-3254-91 (N.J. Super. Ct. App. Div. Apr. 28, 1995). In 2009, he filed a petition for post-conviction relief ("PCR"), which was denied as untimely and subsequently affirmed by the New Jersey Appellate Division. State v. Reardon, No. A-0794-10T1, 2012 WL 10800, at *1-2 (N.J. Super. Ct. App. Div. Jan. 4, 2012). Shortly thereafter, Plaintiff filed a federal suit against the United States, the State of New Jersey, and various state court judges in the District of New Jersey alleging that his 1992 conviction and subsequent denial of his PCR petition were unconstitutional, which was dismissed by the Honorable Noel L. Hillman on grounds of sovereign and judicial immunity and, in the alternative,

---

in related cases. See Davis v. Power, 2009 WL 777384, at *1 n.3 (D.N.J. Mar. 19, 2009).

under the Heck and Rooker-Feldman doctrines. Reardon v. New Jersey, No. 13-cv-5363, 2014 WL 2921030, at *3-5 & n.3 (D.N.J. June 27, 2014).

2. On August 8, 2017, Plaintiff filed the present case in federal court against Defendants the United States of America[2] and the State of New Jersey. [Docket Item 1.] With leave of Court [Docket Item 40], Plaintiff subsequently amended the Complaint and added as Defendants Rev. John Bohrer, Lois Sahina, Dana McGarvey, Daniel B. Zonies, Lawrence Luongo, Esq., Sgt. A.L. Simon, Gilbert "Whip" Wilson, Joseph Ripa, James Farmer, Kevin Walshe, and Judge Robert Zane. [Docket Item 41.] In the operative Amended Complaint,[3] Plaintiff asserts various constitutional violations involving his 1992 conviction and the related state-court proceedings. [Id. at ¶¶ 9-18.]

---

[2] The Court previously dismissed the United States with prejudice for lack of jurisdiction. [Docket Item 63.]

[3] In this Circuit, an "amended complaint supersedes the original and renders it of no legal effect" unless the amended complaint "specifically refers to or adopts the earlier pleading." West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotations omitted). Here, the Amended Complaint does not specifically refer to or adopt the Complaint. Thus, the Amended Complaint supersedes the Complaint. See e.g., NL Indus., Inc. v. Old Bridge Twp, 2015 WL 12866996, at *1 (D.N.J. Feb. 27. 2015); Call v. Czaplicki, 2011 WL 2532712, at *9 n.9 (D.N.J. June 23, 2011). Mr. Reardon, although representing himself pro se, has filed over two-dozen civil suits in this Court over the years and is held to reasonable compliance with the rules, including this one regarding serial pleadings.

3

3. Defendant State of New Jersey filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [Docket Item 65.] Plaintiff opposes this motion. [Docket Items 68 & 71.] Plaintiff has also filed a motion to amend the Amended Complaint. [Docket Item 73.] The motion to dismiss and motion to amend are ripe for decision, and the Court decides these motions without oral argument pursuant to Fed. R. Civ. P. 78.

4. **Standard of Review**. Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Under Fed. R. Civ. P. 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). Gould Elecs. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000); see also A.D. v. Haddon Heights Bd. of Educ., 90 F. Supp. 3d 326, 334 (D.N.J. 2015) (explaining the same distinction). On a facial attack, the Court considers only the allegations of the complaint and documents referenced therein, construing them in the light most favorable to the plaintiff. Pearson v. Chugach

Gvt. Svcs. Inc., 669 F. Supp. 2d 467, 469–70 (D. Del. 2009). On a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

5. Under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted). In applying this standard to pro se pleadings and other submissions, as here, the Court must liberally construe the well-pleaded allegations, and draw all reasonable inferences in favor of the pro se litigant. Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009). Despite this liberality, however, a pro se complaint must still "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Marley v. Donahue, 133 F. Supp. 3d 706, 714 (D.N.J. 2015) (explaining the same concept).

6. **New Jersey's Motion to Dismiss**. Defendant State of New Jersey has filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [Docket Item 65.] The Court finds that, construing the Amended Complaint liberally and giving the pro se plaintiff all reasonable benefits of the doubt, the Amended Complaint amounts to little more than an effort by Mr. Reardon to relitigate a federal case he lost in 2014 regarding his 1992 state-court conviction. See Reardon v. New Jersey, 2014 WL 2921030. As Judge Hillman held then with respect to Defendant State of New Jersey specifically, "[a]s a general proposition, a suit by parties seeking to impose liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute . . . . The State of New Jersey has not waived its immunity and this Court lacks subject matter jurisdiction over plaintiff's claims." Id. at *3-4. Alternatively, Judge Hillman explained, "[t]o the extent plaintiff seeks to challenge the ultimate judgment of his state court criminal conviction, the Rooker-Feldman doctrine bars his claim," and "[i]n addition, plaintiff's § 1983 claims would also

6

be barred by the Heck doctrine [because] . . . [he] has not demonstrated that his conviction has been invalidated. To the contrary it was affirmed on appeal and his [PCR] was denied in the state court proceedings." Id. at n.3; cf. Reardon v. Zonies, 730 F. App'x 129, 131-32 (3d Cir. Apr. 11, 2018). The same holds true four years later and, for these reasons, Plaintiff's claims against Defendant State of New Jersey must again be dismissed with prejudice. This federal court emphatically lacks jurisdiction to review Mr. Reardon's 1992 conviction or to award money damages arising from an allegedly-wrongful conviction, unless that conviction has been set aside in a court of competent jurisdiction, which has not happened. For Mr. Reardon to continue to claim otherwise is not only lacking in legal merit, but it has also become frivolous and malicious upon its repetition.

7. **Plaintiff's Motion to Amend**. Plaintiff has also filed a motion to amend the Amended Complaint and a Proposed Second Amended Complaint [Docket Item 73], wherein he raises a litany of claims challenging the constitutionality of, inter alia: (1) N.J.S.A. 2C:21-22, a New Jersey statute that prohibits the unauthorized practice of law, under the Sixth, Ninth, and Fourteenth Amendments of the U.S. Constitution and Art. 1, Clauses 10 and 21 of New Jersey's Constitution; (2) N.J.S.A. Title 37, the New Jersey statutes regulating, among other

7

things, the issuance of marriage licenses, under the First Amendment of the U.S. Constitution; (3) the U.S. Government and State of New Jersey's alleged practice of "trying legal matters on less than the plain and solemn averment of at least 2 witnesses, when eyewitness testimony is the only evidence [that is] constitutional since it is a violation of the Common Law and Biblical Law;" (4) New Jersey's alleged practice of "deny[ing] all criminal defendants their right to a speedy trial within 1 year of their charges contrary to the [Sixth], [Ninth], and [Fourteenth] Amendments of the U.S. Constitution;" (5) New Jersey's alleged practice in Camden County of "denying the accused of his right to be present in all significant hearings in his criminal case as it deals with the Right to be present at bail hearings and the right to be informed of the right and importance of appealing, immediately, any bail findings of the court;" (6) New Jersey's alleged practice of "having public defenders that do not assert or protect the constitutional rights of the accused and that said counsel is also inadequate since they do not instruct the accused, if said counsel is stand-by counsel, of the types of questions that should be asked of a witness and thus that said counsel is inadequate and violates the right to adequate of assistance of Counsel under the [Sixth], [Ninth], and [Fourteenth] Amendments;" (7) New Jersey's alleged practice of "setting bail, and denying the

accused of proof of the alleged crime(s) at the outset of the alleged offenses since it allows bail to be arbitrarily set and without proof of the charges and deprives the accused of his liberty and impacts his/her life significantly;" and (8) New Jersey's practice of "allowing Police and Judges to bring search warrant requests, and approving said requests by judges that have a personal animus against an accused and allowing said biased judge to be sought out, knowing of this bias, by police officers to retaliate against an accused by seeking a favorable Judge who knows he/she has had extrajudicial contact with an accused who is interest in retaliating against, or venting is spleen on such an accused."

8. After amending once as a matter of course, a plaintiff may amend a pleading only with leave of court or the written consent of the opposing party, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Despite these liberal standards, however, a district court may deny leave to amend or add a party when amendment would be futile. See Smith v. Nat'l Collegiate Athletic Ass'n, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999). An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

9

9. Here, the Court finds that allowing Plaintiff to file the Proposed Second Amendment would be futile for several reasons. **First**, to the extent Plaintiff seeks injunctive relief against Defendant State of New Jersey, such relief is barred by the doctrine of sovereign immunity. See Ex Parte Young, 209 U.S. 123, 159-60 (1908); see also Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."); Doe v. Div. of Youth & Family Servs. 148 F. Supp. 2d 462, 483 (D.N.J. 2001) ("[T]he judicial doctrine of Ex Parte Young . . . allows suits against States in federal court seeking prospective injunctive relief to proceed only against state officials acting in their official capacities . . . in order to end continuing violations of federal law.") **Second**, Plaintiff lacks standing to bring claims for prospective relief where, as here, he has not shown a "real and immediate threat of repeated injury." O'Shea v. Littleton, 414 U.S. 488, 495 (1974); see also Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). **Third**, Plaintiff's nonsensical 37-page Proposed Second Amended Complaint, which is based largely on conclusory allegations and unrelated, generalized grievances with various state laws or practices, fails to satisfy the Fed. R. Civ. P. 8(a)(2) requirement that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief" or the Fed. R. Civ. P. 8(d) requirement that "[e]ach allegation must be simple, concise, and direct." See also In re Westinghouse Secs. Litig., 90 F.3d 696, 702 (3d Cir. 1996) ("Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."). Simply, the Court cannot discern what, specifically, Mr. Reardon is alleging and what relief he is actually seeking. Because amendment would be futile, the Court will deny Plaintiff's motion to amend.

10. The Court has also considered whether these deficiencies may be cured if Plaintiff were given an opportunity to file a Third Amended Complaint. The answer, succinctly, is no. This federal court is empowered to hear only "cases or controversies" in accordance with Article III of the U.S. Constitution. This means that a plaintiff must allege facts demonstrating that he has suffered a particularized harm for which a court can provide a remedy. To meet the minimal constitutional mandate for Article III standing a plaintiff must show: (1) an "injury in fact;" (2) "a causal connection between the injury and the conduct complained of;" and (3) that the injury will "likely" be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). An "injury in fact" is defined as "an invasion of a legally

protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Id. at 560. This also means that this Court is not empowered to hear a plaintiff's generalized grievances, such as the plaintiff's personal disagreement with a public policy or practice that has not actually caused cognizable injury to the plaintiff (or for which such individual injury is threatened and imminent). See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474-75 (1982) ("[E]ven when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches.") (internal citation omitted).

11.  In the present case, Plaintiff expresses his dissatisfaction with many perceived aspects of the State of New Jersey's practices or procedures in the fields of criminal justice, regulation of the legal profession, and issuance of marriage licenses. Yet nowhere does he state any specific facts pointing to an individualized injury that he has suffered due to some person's violation of his constitutional rights while acting under color of state law. Given Mr. Reardon's well-documented history of filing "an abundance of frivolous motions,

complaints which are without merit, and actions which are defective procedurally," Reardon v. Steinberg, No. 89-cv-223, 1989 WL 22416, at *1 (D.N.J. Mar. 14, 1989), the Court does not surmise that Plaintiff would be able to cure these threshold deficiencies and lack of Article III standing in a future pleading in this case. Accordingly, the dismissal of the claims against Defendant State of New Jersey in the Amended Complaint and the denial of leave to file a Second Amended Complaint will be with prejudice.

12. **Conclusion.** For the foregoing reasons, Defendant State of New Jersey's motion to dismiss will be granted and Plaintiff's motion to amend will be denied. An appropriate Order will be entered.

| | |
|---|---|
| **October 15, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN E. REARDON,<br><br>            Plaintiff,<br><br>   v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>   Civil Action<br>  17-5868 (JBS-KMW)<br><br>**ORDER** |

This matter having come before the Court by way of the State of New Jersey's motion to dismiss [Docket Item 65] and Plaintiff's motion to amend [Docket Item 73]; the Court having considered the parties' submissions; for the reasons explained in the Memorandum Opinion of today's date; and for good cause shown;

IT IS this __15th__ day of __October__, **2018,** hereby

**ORDERED** that the State of New Jersey's motion to dismiss [Docket Item 65] shall be, and hereby is, **GRANTED WITH PREJUDICE**; and is further

**ORDERED** that Plaintiff's motion to amend [Docket Item 73] shall be, and hereby is, **DENIED WITH PREJUDICE**.

                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE
                                          U.S. District Judge