IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN E. REARDON,

         Plaintiff,

    v.

REV. JOHN BOHRER, et al.,

         Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
17-5868 (JBS-KMW)

**MEMORANDUM ORDER**

This matter comes before the Court upon the motions by Plaintiff John E. Reardon ("Plaintiff") for Default and Default Judgment [Docket Item 76] and for Default Judgment [Docket Item 88], and a cross-motion for extension of time to file Answer by Defendants Lawrence Luongo, Esq. ("Luongo"), A.L. Simon ("Simon"), and Daniel B. Zonies ("Zonies"). [Docket Item 79.] The Court finds as follows:

1.    On August 8, 2017, Plaintiff filed a Complaint against various Defendants alleging numerous causes of action under the U.S. and New Jersey Constitutions, as well as federal and state statutes. [See generally Docket Item 1.] An Amended Complaint was filed on March 12, 2018, which for the first time named Luongo, Simon, and Zonies as Defendants. [Docket Item 41.] The Clerk of Court issued a Summons as to the newly added Defendants on March 14, 2018. [Docket Item 43.]

2.    On April 6, 2018, Plaintiff filed a Proof of Service on the docket [Docket Item 50], wherein he alleged that the Summons and Complaint had been served upon Defendant Simon by a Service representative listed as Martin Ackley, who declared under penalty of perjury that he personally served Defendant Simon at his home at 528 Williams Avenue in Runnemede, New Jersey on March 16, 2018. [Id. at 7.] In that same filing, Martin Ackley also declared under penalty of perjury that he personally served a man named Harry Carroll at Defendant Zonie's office located at 1011 East Evesham Road in Vorhees, New Jersey on March 16, 2018. [Id. at 8.] The following week, on April 12, 2018, Plaintiff filed another Proof of Service on the docket [Docket Item 56], wherein he alleged that the Summons and Complaint were served upon Defendant Luongo by Martin Ackley, who declared under penalty that he had personally served someone named "Susan" at Mr. Luongo's office at 344 Route 73, Berlin New Jersey on March 23, 2018. [Id. at 2.] The Clerk of Court did not enter Default against any Defendant.

3.    Defendants Simon, Zonies, and Luongo have each certified, subject to punishment, that they never received service of the Summons and Complaint. [Docket Items 79-1, 79-2 & 79-3.] For example, Defendant Luongo swore that he has no personal knowledge of anyone named "Susan" with the right to accept service for him. [Docket Item 79-2 at ¶ 7.] Moreover, Defendant Zonies swore that he no longer rented at the location Martin Ackley had

2

attempted service and that "Harry Carroll was never a member of his household or business, nor was he ever authorized to accept service of process." [Docket Item 79-3 at ¶¶ 6-8.] For these reasons, and others, Defendants oppose Plaintiff's motions for Default and Default Judgment and seek an extension of time to answer. [Docket Item 79-4 at 5.]

4.    Federal Rule of Civil Procedure 55(b)(2) authorizes the entry of a default judgment against a party that has failed to answer or otherwise respond to the pleadings. Pursuant to Rule 55, obtaining a default judgment is a two-step process. First, when a defendant has failed to plead or otherwise defend, the Clerk of the Court must enter the party's default. See Fed. R. Civ. P. 55(a). Second, a plaintiff may then obtain a default judgment by either: (1) asking the Clerk to enter judgment, if the judgment is a sum certain; or (2) applying to the Court. See Fed. R. Civ. P. 55(b). Critically, before granting a default, as well as any subsequent default judgment, the Court must determine whether there is sufficient proof of service. Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) (noting that "[a] default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside").

5.    As noted above, the Clerk of Court has not entered Default against any Defendant in this matter. Moreover, Defendants Simon, Zonies, and Luongo have each certified that they were never

properly served with the Complaint and the Court credits their sworn statements. For these reasons, the Court has determined there is insufficient proof of service upon any of these three Defendants and neither Default nor Default Judgment are warranted at this time.

6.    Accordingly, and for good cause shown;

IT IS this ___14___ day of ___June___, 2019

**ORDERED** that Plaintiff's motions for Default and Default Judgment [Docket Item 76] and Default Judgment [Docket Item 88] shall be, and hereby are, **DENIED**; and it is further

**ORDERED** that Defendants Zonies, Luongo, and Simon's cross-motion for an extension of time to file Answer [Docket Item 79] shall be, and hereby is, **GRANTED**; Defendants Zonies, Luongo, and Simon shall file an Answer or otherwise plead within 14 days of the date of this Order.

_____
JEROME B. SIMANDLE
U.S. District Judge