IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JOHN E. REARDON,

            Plaintiff,

   v.

UNITED STATES OF AMERICA, et al.,

            Defendants.

Civil No. 17-5868 (RBK/KMW)

**OPINION**

**KUGLER, DISTRICT JUDGE,**

*Pro se* Plaintiff John E. Reardon alleges that 11 government officials violated his constitutional rights in various ways during his 1990 arrest and subsequent criminal proceedings in New Jersey state court. Currently before the Court is the Motion to Dismiss and for Sanctions brought by Defendants Daniel B. Zonies, Lawrence J. Luongo, and Alfred L. Simon (collectively, "moving Defendants"). [Docket No. 102.] For the reasons discussed below, the Court will grant the moving Defendants' Motion to Dismiss but will not impose further sanctions.

**I.    BACKGROUND[1]**

This suit stems from an incident in the early 1990s that culminated with Plaintiff being charged with and convicted by a jury of third-degree possession of a destructive device in violation of N.J.S.A. § 2C:39-3a, second-degree possession of explosive material with intent to use it against another in violation of N.J.S.A. § 2C:30-4b, and second-degree possession of a destructive device

---

[1] For the purposes of this motion, the Court accepts as true the facts alleged in the Amended Complaint [Docket No. 41]. The Court further takes judicial notice of its own records and facts gathered from related cases. *See Davis v. Power*, 2009 WL 777384, at *1 n.3 (D.N.J. Mar. 19, 2009).

with intent to use it against another in violation of N.J.S.A. § 2C:39-4c, in the Superior Court of New Jersey, Law Division, Camden County, under Indictment No. 90-08-2331. Plaintiff was sentenced to eight years' imprisonment with three years of parole ineligibility on February 13, 1992. *Id.* His conviction was affirmed by the New Jersey Appellate Division. *State v. Reardon*, No. A-3254-91 (N.J. Super. Ct. App. Div. Apr. 28, 1995). He eventually filed a petition for post-conviction relief ("PCR") in 2009, which was denied as untimely. *State v. Reardon*, No. A-0794-10T1, 2012 WL 10800, at *1-2 (N.J. Super. Ct. App. Div. Jan. 4, 2012). The Appellate Division affirmed that decision as well. *Id.*

Next, Plaintiff filed a suit in the United States District Court for the District of New Jersey against the United States, the State of New Jersey, and various state court judges. *Reardon v. New Jersey*, No. 13-cv-5363, 2014 WL 2921030 (D.N.J. June 27, 2014). In that case, Plaintiff alleged that his 1992 conviction and the subsequent denial of his PCR petition were unconstitutional. *Id.* at *3-5. The Honorable Noel. L. Hillman dismissed that suit on grounds of sovereign and judicial immunity and, in the alternative, under the *Heck* and *Rooker-Feldman* doctrines. *Id.* at *3-5 & n.3.

On August 8, 2017, Plaintiff filed the present suit, initially against the United States of America and the State of New Jersey. [Docket No. 1.] Plaintiff was later granted permission to amend his complaint [Docket No. 40], which he did, adding Defendants Rev. John Bohrer, Lois Sahina, Dana McGarvey, Daniel B. Zonies, Lawrence Luongo, A.L. Simon, Gilbert "Whip" Wilson, Joseph Ripa, James Farmer, Kevin Walshe, and Judge Robert Zane. [Docket No. 41.] The Amended Complaint alleges various constitutional violations surrounding his 1992 conviction and the related state court proceedings. [*Id.*, ¶¶ 9-18.] The late Honorable Jerome B. Simandle dismissed the United States with prejudice on April 23, 2018. [Docket No. 63.] Judge Simandle later dismissed with prejudice the State of New Jersey, as well. [Docket No. 81.]

Moving Defendants Zonies, Luongo, and Simon filed the present motion on July 8, 2019. [Docket No. 102.] They raise several bases upon which the case should be dismissed as against them, and also seek sanctions to be imposed against Plaintiff. [*Id.*] Plaintiff opposes the motion. [Docket No. 111.] For the reason expressed below, the Court will grant the moving Defendants' Motion to Dismiss, but will not impose further sanctions.

## II. DISCUSSION

### A. DEFENDANTS' MOTIONS TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. In considering such a motion, the court must "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted). In applying this standard to *pro se* pleadings and other submissions, as here, the Court must liberally construe the well-pleaded allegations, and draw all reasonable inferences in favor of the *pro se* litigant. *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). Despite this liberality, however, a pro se complaint must still "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Marley v. Donahue*, 133 F. Supp. 3d 706, 714 (D.N.J. 2015) (explaining the same concept).

The moving Defendants put forth numerous bases in support of their motion to dismiss, including res judicata, the entire controversy doctrine, immunity, the *Heck* doctrine, and statute of limitations. For the reasons explained herein, the Court finds that the moving Defendants are

3

immune from suit and therefore the Court will dismiss the Complaint with prejudice as against those Defendants. Since Plaintiff's claims cannot proceed on these bases, the Court declines to address the moving Defendants' other arguments for dismissal.

Judges are generally "immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Moreover, judicial immunity grants judges "immunity from suit, not just from an ultimate assessment of damages." *Mireles*, 502 U.S. at 11. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Rather, judicial immunity will only be overcome if (1) the challenged actions were not taken in the judge's judicial capacity or (2) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. The Supreme Court has held that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (alteration in original) (quoting *Stump*, 435 U.S. at 362).

Similarly, prosecutors are protected from suit by prosecutorial immunity. *See Imbler v. Patchman*, 424 U.S. 409, 431 (1982). A "prosecutor is immune from a civil suit for damages under § 1983" when the prosecutor merely "initiat[es] a prosecution and . . . present[s] the State's case." *Id.* As the Supreme Court has noted, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Finally, qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction and liability when they perform their duties reasonably." *Id.* It applies "regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* In other words, qualified immunity limits liability to those "officers [who] are on notice their conduct is unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

In the case at hand, Plaintiff is suing the moving Defendants in their capacities as either a judge, prosecutor, or government official. Even taking the allegations in the Complaint as true and making all reasonable inferences in favor of Plaintiff, there is simply no indication that the moving Defendants' respective immunities do not apply in the case at hand. In fact, the Complaint specifically alleges that Defendants Zonies and Luongo are liable for actions in judging and prosecuting Plaintiff's offenses while in their roles as a judge and prosecutor, respectively. The allegations against Defendant Simon are that he prepared a deficient warrant and testified falsely against Plaintiff during the 1992 trial. Plaintiff makes no allegations that Defendant Simon's alleged actions, even accepted as true, "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*, 555 U.S. at 231.

Therefore, because the moving Defendants are protected by judicial, prosecutorial, and qualified immunity, the Court will dismiss the Complaint as against each of them.

### B. DEFENDANTS' MOTION FOR SANCTIONS

The Court previously imposed sanctions against Plaintiff in a related case. *See Reardon v. Murphy*, Civil No. 18-11372, 2019 WL 4727940 (D.N.J. Sept. 27, 2019). In that case, the Court enjoined Plaintiff "from filing any further complaint, lawsuit, or petition in the United States District Court for the District of New Jersey without prior authorization of the Court." *Reardon v. Murphy*, Civil No. 18-11372, Docket No. 74 (D.N.J. Oct. 21, 2019). The moving Defendants in this case seek sanctions for substantially the same reasons that the Court relied on in *Murphy*. Because the relief sought here would be duplicative of the sanctions that this Court has already imposed against Plaintiff, additional sanctions will not be imposed at this time.

## III. CONCLUSION

In light of the above discussion, the Court will dismiss the Amended Complaint with prejudice as against Defendants Zonies, Luongo, and Simon. The Court will not impose additional sanctions at this time. An accompanying Order shall issue.

| | |
|---|---|
| February 7th, 2020 | s/Robert B. Kugler |
| DATE | ROBERT B. KUGLER |
| | United States District Judge |